| | |
|---|---|
| **Clarence T. Fox, Jr.,** # 08861-017, | ) C/A No. 2:10-2519-HFF-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| **United States of America,** *doing business as* Federal Bureau of Prisons, | ) |
| Defendants. | ) |

## Background of this Case

The plaintiff is a federal inmate at FCI-Bennettsville. He has brought suit pursuant to the Federal Tort Claims Act against the United States because of the Federal Bureau of Prisons' alleged failure to set the correct "offense date" for his convictions. The plaintiff submitted his tort claim to the Federal Bureau of Prisons (ECF No. 1-1, at pages 1-2). The Regional Counsel of the Federal Bureau of Prisons denied the tort claim by letter dated September 10, 2010 (ECF No. 1-1, at pages 4-5). In his prayer for relief, the plaintiff seeks five million dollars in damages and "such other relief as this Court deems equitable."

1

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the Federal Bureau of Prisons issued the equivalent of a "right-to-sue" letter (ECF No. 1-2, at pages 4-5), the above-captioned case is subject to summary dismissal. The letter from the Regional Counsel to the plaintiff reveals that the Judgment and Commitment (J&C) form from his district of conviction contains the notation "Judgment Including Sentence Under the Sentence Reform Act (SRA)." (ECF No. 1-1, at page 5). Significantly, the copy of the indictment in the plaintiff's criminal case, which the plaintiff has attached as an exhibit (ECF No. 1-1, at pages 12-16) indicates that the "crack cocaine" conspiracy took place from "early 1987" up to May 22, 1989, the date of the indictment. Moreover, the possession of cocaine charge is specifically charged as occurring on November 23, 1988 (ECF No. 1-1, at page 15). Hence, it is clear that the plaintiff's convictions resulted from offenses occurring after November 1, 1987, which was the effective date of the Sentence Reform Act of 1984.

The plaintiff has attached as an exhibit the first two pages of the "J&C" form in his criminal case in the Northern District of Florida (ECF No. 1-1, at page 10). The J&C form shows that the Honorable Maurice M. Paul, United States District Judge, on

January 23, 1990, sentenced the plaintiff to life imprisonment on Count II (conspiracy to possess with intent to distribute crack cocaine) and to a concurrent term of 240 months on Count VII (possession with intent to distribute cocaine) pursuant to the Sentence Reform Act. The plaintiff had been convicted pursuant to a jury's verdicts.

Since the Judgment and Commitment form from the plaintiff's district of conviction indicates that the plaintiff was sentenced pursuant to the Sentence Reform Act, this case is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnote omitted).

4

*Heck v. Humphrey* is applicable in civil suits against federal officials and entities. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); *Williams v. Hill*, 878 F. Supp. 269, 272 (D.D.C. 1995) ("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 74 F.3d 1339 (D.C. Cir. 1996); and *Zolicoffer v. FBI*, 884 F. Supp. 173 (M.D. Pa. 1995).

*Heck v. Humphrey* is also applicable to suits brought under the Federal Tort Claims Act. *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) ("We conclude the FTCA, like § 1983, is 'not [an] appropriate vehicle[ ] for challenging the validity of outstanding criminal judgments.'"). *Cf. Williams v. Hill*, 878 F. Supp. at 270-73 (*Heck v. Humphrey* applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).

Moreover, since the Judgment and Commitment form shows that the plaintiff was sentenced under the Sentence Reform Act, the holding in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), is not applicable because the sentences (a life sentence and a concurrent sentence of 240 months) imposed upon the plaintiff were imposed by

a United States District Judge in a criminal case and were not the result of an erroneous calculation of a sentence by a corrections department.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the important Notice on the next page.

October 14, 2010  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).