

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CLARENCE T. FOX, JR., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:10-02519-HFF-RSC |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

## ORDER

This case was filed as a negligence action under the Federal Tort Claims Act. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 14, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on October 27, 2010.

Plaintiff objects to the Magistrate Judge's recommendation that his case be dismissed pursuant to the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). He maintains that *Heck* is inapplicable "because he is not attempting an end run upon his conviction or sentence," but instead, his argument is based "upon the noncompliance of the Bureau of Prisons (BOP) to compute his sentence pursuant to the Judgment and Commitment order form under Program Statement 5880.28 for the purposes of computation, namely ascertaining the correct 'date of offense.' " (Pl.'s Objections 1.) He contends that the computation of his sentence was incorrect because his Judgment and Commitment order form "does not contain a 'date of offense' for the purpose of the BOP to use for computation purposes." (Pl.'s Objections 3.) Thus, according to Plaintiff, the BOP would be unable to determine whether the offense occurred on or after November 1, 1987, to sentence him under the Sentencing Reform Act of 1984 (SRA). (Pl.'s Objections 3.) He also argues that the Magistrate Judge's Report fails to "take into consideration that there are several different sentencing provision[s] under the [Sentencing Reform] Act which took effect on different dates." (Pl.'s Objections 2.) As a final matter, Plaintiff contests the Magistrate Judge's suggestion that the holding in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), is inapplicable in this case. The Court finds Plaintiff's objections to be without merit.

Even assuming the truth of Plaintiff's allegations that his sentence was miscalculated because the BOP used the wrong dates of offense to sentence him under the SRA, the Court still agrees with the Magistrate Judge that this case is subject to dismissal pursuant to the rule set forth in *Heck*. In *Heck*, the Supreme Court held the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

> unlawfulness would render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus . . . .

512 U.S. at 486-87. The Court explained that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* As the Court later explained, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Thus, the Court explained its rule from *Heck* in the following way: "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* at 751. As the Magistrate Judge noted, the rule from *Heck v. Humphrey* applies to actions brought under the Federal Tort Claims Act as well as § 1983 actions. *Dare v. United States*, No. 07-3217, 2008 WL 383794, at *2 (3d Cir. Feb. 14, 2008); *Erlin v. United States*, 364 F.3d 1127, 1131 (9th Cir. 2004); *Bradshaw v. Jayaraman*, No. 98-6710, 1999 WL 1206870, at *2 (6th Cir. Dec. 9, 1999); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995).

This case invokes *Heck* because Plaintiff's claim challenges the duration of his sentence. By asserting that the BOP used the wrong offense date and therefore miscalculated his sentence, he argues that he should be released at an earlier date. Rather than seeking an earlier release, he seeks money damages. If he were successful in this action, it would question the validity of the duration

3

of his sentence. In his Complaint, however, Plaintiff failed to show that he ever successfully challenged his sentence through habeas relief or otherwise. Accordingly, under *Heck*, Plaintiff's claim for damages is incognizable.

Finally, the Court agrees with the Magistrate Judge that the United States Court of Appeals for the Fourth Circuit's holding in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), is inapplicable in this case. In *Wilson*, a plaintiff brought a § 1983 action for money damages against the Virginia Department of Corrections for allegedly miscalculating his sentence and wrongfully imprisoning him as a result. *Id.* at 263-64. The plaintiff brought his claim after his release from prison, but the district court dismissed the case for failure to meet the favorable termination requirement under *Heck*. *Id.* at 263-64. The Fourth Circuit reversed, reasoning that the plaintiff could not bring a habeas action to challenge the sentence because he was no longer incarcerated. *Id.* at 267-68. In allowing the plaintiff to bring a § 1983 action, the Fourth Circuit stated that it did "not believe that a habeas ineligible former prisoner seeking redress for denial of his most precious right—freedom—should be left without access to a federal court." *Id.* at 268.

In this case, Plaintiff brought his FTCA action while he is still incarcerated. Unlike the plaintiff in *Wilson*, he is not a former prisoner cut off from challenging his sentence through a petition for habeas corpus. Therefore, *Heck* remains applicable as to Plaintiff, and as a consequence, his failure to invalidate the duration of his sentence through a habeas challenge forecloses his ability to challenge it by seeking money damages under FTCA.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is consistent

with this Order, and incorporates it herein.  Therefore, it is the judgment of this Court that the case be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 29th day of November, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.